444 So.2d 203 (1983)
Ella COBB
v.
SYNTEX LABORATORIES, INC. et al.
No. 83 CA 0275.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Rehearing Denied February 14, 1984.
*204 Amy E. Counce, Baton Rouge, for plaintiff-appellant Ella Cobb.
Donna L. Yukna, New Orleans, for defendant-appellee Syntex (F.P.) Inc. and Syntex Laboratories Inc.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
This is a suit by Ella Cobb for $1,850,060.00 in damages which she allegedly sustained from taking oral contraceptives manufactured by defendants, Syntex Laboratories, Inc. and Syntex (F.P.), Inc. and sold by Katz & Bestoff # 72, Inc. From a summary judgment in favor of defendants, Mrs. Cobb has appealed. We affirm.
Plaintiff alleged that in September, 1978, she obtained a prescription for Norinyl 1 + 50 28-day birth control pills from her physician, Dr. J. Louis Tonore, Jr., and that this prescription was filled by the pharmacist at Katz & Bestoff drugstore # 72 in Baton Rouge. Plaintiff took the oral contraceptives until December 8, 1979, when she suffered a "cerebral infarction on the left," or stroke, leaving her partially disabled. The plaintiff brought this action alleging that the birth control pills contained redhibitory vices which "made them absolutely useless or so inconvenient that petitioner would not have purchased (them) had she known of the defects". In the alternative, plaintiff alleged that the birth control pills contained a defect in their design, composition, formulation or manufacture which caused plaintiff's injury. Additionally, she alleged that the defendants failed to warn her of such defects or of the dangers of using the product. Plaintiff prayed for a recission of the sale, and damages, or reduction in the purchase price.
After plaintiff answered defendants' interrogatories, defendants filed a Motion for Summary Judgment. Attached to the Motion were affidavits of J. Louis Tonore, Jr., M.D., M.J. Bullock, Jr., M.D., Victor Denicola, Ph.R., Rosemary McLaren, Ph.R., and copies of portions of the Physicians' Desk Reference concerning the drug Norinyl 1 + 50 28-day pills for 1978, the package insert for Norinyl 1 + 50 28-day Birth Control pack and the pamphlet entitled "What You Should Know About Oral Contraceptives."
The primary question presented in this case is the appropriateness of the trial court's granting of the motion for summary judgment. LSA-C.C.P. art. 966 requires that the mover show that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. LSA-C.C.P. art. 967 provides that the adverse party respond to the motion for summary judgment with affidavits setting at *205 issue the facts in dispute. If no countervailing affidavits are filed, the court may grant the motion, if appropriate.
The court must first decide if the supporting documents presented by the moving party are sufficient to resolve all issues of fact. In the present case the supporting documents resolve all issues of fact. The plaintiff obtained a prescription for oral contraceptives from her physician; she purchased the pills from Katz & Bestoff; the birth control pills she purchased were manufactured by Syntex; she took the birth control pills for a considerable period of time, and ultimately suffered a stroke which partially disabled her. The plaintiff's physicians were advised of the risks and contraindications associated with the drug. No defects in the design, composition, formulation or manufacture is shown.
The plaintiff argues that the quality of the drug is at issue since she alleged that it contained rehibitory vices. The record contains no allegations of fact concerning the nature of the defects or vices of the product, and she has not alleged that there was negligence in the manufacture of the drug. Also, she has not alleged that the drug which she took contained any contaminants. No allegation was made concerning the nature of the defect present in this drug although it was plaintiff's further contention that the drug was defective in design, composition, formulation or manufacture so that it was unreasonably dangerous in normal use.
Although drugs and medications must be carefully administered and cautiously consumed, they are not so inherently dangerous that the manufacturer is held to guarantee that no harm will come to those who use such products. DeBattista v. Argonaut-Southwest Insurance Co., 403 So.2d 26 (La.1981). Since the birth control pills taken by the plaintiff in this case were not contaminated or defectively manufactured, they cannot be considered as unreasonably dangerous, if properly used.
The next issue presented in this case concerns the obligation of the manufacturer or seller of a prescription drug to warn the consumer of any harmful or dangerous side effects or risks which a person might suffer from use of the drug. The plaintiff admitted in answer to interrogatories that she received from her physician a copy of a pamphlet entitled "What You Should Know About Oral Contraceptives". This pamphlet specifically warns that the risk of suffering a stroke or other circulatory ailment is greatly increased in women taking birth control pills.
The manufacturer of a prescription drug has the obligation to inform the prescribing physician of any potentially adverse side effects or risks from the drug's use. The doctors admitted receiving warning of the use of this drug. The moving party in this case attached copies of the material supplied the pharmacist and similar material included in the patient's package. The Physicians' Desk Reference contains the same information supplied by the manufacturer. These materials contain the warning that stroke and circulatory ailments may result from taking the drug, and further describe the increased risks from the drug due to the age and the smoking habits of the patient.
The manufacturer has no duty to warn the consumer directly of any risks or contraindications associated with the drug. The manufacturer of the drug has fulfilled its obligation when it has informed the prescribing and treating physicians of the risks of harm from the drug so that they may intelligently decide on its use and advise the patient. Stanback v. Parke, Davis and Company, 657 F.2d 642 (4th Cir.1981). The doctor acts as an informed intermediary. The decision to use the drug in a particular circumstance rests with the doctor and the patient, not with the manufacturer.
Both of plaintiff's physicians stated in their affidavits that they received and reviewed the material supplied by the manufacturer and that they considered these warnings adequate.
*206 The trial court concluded under these circumstances that the plaintiff's physicians were sufficiently warned of side effects and risks of the drug and that these warnings discharged the defendants' obligation. For his decision, the trial judge relied on the decision in Timm v. Upjohn Company, 624 F.2d 536, 538 (5th Cir.1980), cert. denied 449 U.S. 1112, 101 S.Ct. 921, 66 L.Ed.2d 840 (1981), in which the court stated:
It has been established that, in the case of prescription drugs ... the manufacturer has no obligation to warn a consumer of that drug so long as the prescribing physician has been adequately warned of any potentially adverse side effects. (Citations omitted.)
The Timm case places the prescribing burden upon the physician to evaluate the information supplied by the manufacturer of the drug and then to inform the patient of the benefit to be obtained from the drug as well as the risk of adverse side effects and contraindications from taking the drug. The manufacturer is under no duty to warn consumers directly. We agree. The record supports the trial court's opinion that the physicians were adequately informed by the manufacturer and that the manufacturer breached no duty in this respect.
Therefore, the motion for summary judgment was properly granted, since reasonable minds must inevitably conclude that mover is entitled to judgment based on the facts before the court. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La. 1980).
For the reasons assigned the judgment of the district court is affirmed at the appellant's costs.
AFFIRMED.