Annette Lorraine **ANDERSON,**
Plaintiff-Appellant,

v.

**McNEILAB, INC., d/b/a McNeil Pharmaceutical, Defendant-Appellee.**

No. 87–3198
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 29, 1987.

---

Arthur Cobb, Baton Rouge, La., for plaintiff-appellant.

Henry B. Alsobrook, Jr., Richard B. Eason, III, Adams & Reese, New Orleans, La., for defendant-appellee.

Before GEE, GARWOOD and JONES, Circuit Judges.

PER CURIAM:

Annette Anderson, joined by her husband, appeals an adverse summary judgment entered in her Louisiana diversity action against the defendant manufacturer of Zomax, a prescription drug. Zomax was prescribed by a physician for her use, when needed, for sinus problems. No sooner had she taken the first dose than she suffered a severe reaction, with—she claims—resulting residual damage to her heart.[1] We affirm.

Counsel for the Andersons defines as his sole issue advanced on appeal:

Whether summary judgment is appropriate on the adequacy of a warning accompanying a prescription drug.

We reject this suggestion that a mere allegation of inadequacy in the warning of side effects on a prescription drug makes a jury issue. This case itself is illustrative of why we do so.

It is undisputed that the defendant—by means of drug package inserts, the Zomax listing in the Physician's Desk Reference, and broadcast letters to physicians—repeatedly warned against prescribing Zomax for persons, such as Mrs. Anderson, who suffer from aspirin sensitivity. Under Louisiana law, a drug manufacturer has discharged its duty to consumers of its *prescription* drugs when it has reasonably informed prescribing physicians of the dangers of harm from such a drug. *Cobb v. Syntex Laboratories, Inc.*, 444 So.2d 203 (La.App.1983). We agree with the trial court that the means and the warning presented here were sufficient as a matter of law.[2]

AFFIRMED.

---

1. This claim is hotly disputed, but we need not reach it.

2. Plaintiffs advance a belated claim of negligence, not made in the complaint to the trial court. Such a claim comes too late. Moreover, "at the point of warning of drug side effects ... negligence and strict liability become ... identical." *Miller v. Upjohn Co.*, 465 So.2d 42, 43 (La.App.1985).