Robert BEALER, et al.

v.

**HOFFMAN–LA ROCHE, INC., et al.**

**Civ. A. Nos. 89–2380, 89–2725.**

United States District Court,
E.D. Louisiana.

Jan. 11, 1990.

Lauren M. Miller, David L. Colvin & Associates, Gretna, La., for plaintiffs, Robert & Elizabeth Bealer.

Rica J. Polansky, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for

defendants, Hoffman–LaRoche & Roche Laboratories.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the motion for summary judgment filed by defendants Hoffman LaRoche, Inc. and Roche Laboratories. Having reviewed the memoranda of counsel, the record, the facts, and the applicable law, the Court hereby grants the defendants' motion.

In May of 1988, the plaintiff, Elizabeth Bealer, went to a dermatologist, Dr. Lee Nesbitt, for treatment of a condition diagnosed as hidradenitis suppurativa. Dr. Nesbitt prescribed Accutane for the condition. Since Mrs. Bealer discovered that she was pregnant while taking Accutane, she underwent a therapeutic abortion due to the high risk of birth defects associated with Accutane. The plaintiff then filed suit against the defendants herein alleging that Accutane was "unreasonably dangerous" and that the defendants had failed to adequately warn of its dangers.

In their opposition to the motion for summary judgment, the plaintiffs essentially argue that two issues of material fact are contested. First, the plaintiffs claim that, "There is an issue of fact as to whether Hoffman–LaRoche directly informed Mrs. Bealer's treating physician, Dr. Nesbitt, of the risks of harm from Accutane." The defendants, however, have presented the Court with uncontested evidence that Dr. Nesbitt was in possession of the defendants' literature on the hazards of Accutane (and its use by women of child-bearing age) at the time he wrote Mrs. Bealer's prescription.[1] It is further apparent from these documents that Dr. Nesbitt was well aware of the dangers associated with the use of Accutane by women of child-bearing age.

█ It is undisputed that the defendants in the instant matter had no direct duty to warn the plaintiffs of the dangers and risks associated with Accutane.

A drug manufacturer has no duty to warn the consumer directly of any risks or contraindications associated with its product. The obligation to the consumer is fulfilled when the prescribing or treating physician is informed of the risks of harm from the drug. *The physician acts as an informed intermediary, and the decision to use the drug in a particular circumstance rests with the doctor and the patient, not the manufacturer.* Kinney v. Hutchinson, 468 So.2d 714 (5th Cir.1985), writ denied, 472 So.2d 35; Miller v. Upjohn Co., 465 So.2d 42 (1st Cir.1985), writ denied, 467 So.2d 533; Cobb v. Syntex Laboratories, Inc., 444 So.2d 203 (1st Cir.1983).

*Rhoto v. Ribando,* 504 So.2d 1119, 1123 (La.App. 5 Cir.1987) (emphasis in the original). The defendants would therefore discharge their duty to warn the plaintiffs by providing Dr. Nesbitt with adequate information regarding the dangers and contraindications of Accutane. As stated, the uncontradicted evidence establishes that this was done.

█ The plaintiffs further contend that the warnings issued by the defendants regarding Accutane were inadequate. The plaintiffs cite *Felix v. Hoffman–LaRoche, Inc.,* 540 So.2d 102 (Fla.1989) for the proposition that the issue of whether or not a warning is adequate is a question for the jury. The Florida Supreme Court, however, also held in *Felix* that the adequacy of warnings can become a question of law where the warning is "accurate, clear, and unambiguous." *Id.* at 105. At least one Louisiana court has also held that the adequacy of pharmaceutical warnings can be a question of law. *Kinney v. Hutchinson, supra.*

In both *Felix* and its companion case *Childers v. Hoffman–LaRoche, Inc.,* 540 So.2d 102 (Fla.1989), the Florida Supreme Court held, as a matter of law, that the warnings issued by Hoffman–LaRiche re-

---

**1.** See the deposition of Mazie F. Strahan and the "Position Paper of Lee T. Nesbitt, Jr., M.D." attached to the defendants' Supplemental Memorandum in Support of Motion for Summary Judgement as exhibits 1 and 2, respectively.

garding the dangers of Accutane were sufficient. The warnings provided to Dr. Nesbitt by Hoffman–LaRoche were even more explicit than those adjudged sufficient in *Felix* and *Childers*. For instance, the brochure entitled "Important Information Concerning Your Treatment with Accutane" and dated October 1987 contained the following excerpt in bold print:

WARNING TO FEMALE PATIENTS

YOU MUST NOT TAKE ACCUTANE IF YOU ARE OR MAY BECOME PREGNANT DURING TREATMENT.

Severe birth defects are known to occur in infants of women taking Accutane during pregnancy. The possibility that you may become pregnant must be ruled out by you and your doctor before you start Accutane therapy. Wait until the second or third day of your next normal menstrual period before beginning Accutane therapy.

An effective form of contraception (birth control) should be discussed with your doctor. Contraception must be used for at least one month before beginning therapy and during therapy, and it must be continued for one month after Accutane treatment has stopped. Immediately stop taking Accutane if you become pregnant while you are taking the drug, and immediately contact your physician to discuss the desirability of continuing the pregnancy.

Elsewhere in the brochure, and even on its cover, were more brief statements of the danger of using Accutane if pregnancy were a possibility.

Having reviewed the materials in Dr. Nesbitt's possession at the time he prescribed Accutane to the plaintiff, we too hold that, as a matter of law, the warnings which the defendants provided Dr. Nesbitt regarding the dangers of Accutane were adequate.

Accordingly,

IT IS ORDERED that the defendants' motion for summary judgment is GRANT-

ED and the motion to remand is therefore mooted.