788 So.2d 617 (2001)
Charles NUTT, Individually and on Behalf of the Estate of Irma Nutt and Karen Jackson
v.
The CITY OF GRETNA, Marlene Hernandez, Cigna Insurance and XYZ Insurance Company.
Marlene Hernandez and Grace Lindemann
v.
City of Gretna, Karen Jackson, and Liberty Lloyds Insurance Company.
Nos. 00-CA-1864 and 00-CA-1865.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 2001.
*618 Bruce R. Williams, Wilkerson, Tate & Williams, New Orleans, LA, Attorney for Plaintiff/Appellant (Charles Nutt).
John J. Molaison, Jr., John B. Appel, Jr., Gretna, LA, Attorney for Defendant/Appellee (City of Gretna).
Mark W. Verret, Brent Maggio, Eric Waltner, Metairie, LA, Attorney for Defendants/Appellees (Marlene Hernandez, INA, and ACE, USA).
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and PATRICK M. SCHOTT, Pro Tem.
GOTHARD, Judge.
This appeal arises from a grant of summary judgment in favor of the City of Gretna and its insurer, Titan Insurance Company. We affirm the decision of the trial court.
This case arises out of an automobile accident which occurred at the intersection of Monroe Street and Kepler Street in Gretna, Louisiana. Irma Nutt was a guest passenger in a 1987 Nissan Maxima being driven by Karen Jackson. This car collided with a 1984 International School bus being operated by Marlene Hernandez. Irma Nutt died as a result of the injures received in the car accident. This suit was instituted by her husband, Charles Nutt, for survivor damages and wrongful death. It is alleged that the driver of the Maxima, Karen Jackson, was proceeding on Monroe Street when she failed to stop at the intersection, despite the presence of a stop sign. Plaintiff further alleges that the City of Gretna was negligent in that the stop sign was not in the proper position to be seen by Ms. Jackson upon approaching the intersection.
The City of Gretna sought summary judgment arguing that it was not responsible for maintaining the intersection pursuant to La. R.S. 48:191, 48:193. In support of the motion, the City filed an affidavit by Johnny Laughlin, Public Works Director for the City of Gretna, which stated that *619 the City had no responsibility for the maintenance of the intersection. At the conclusion of the hearing, the trial court left the matter open for the submission of new evidence. No new evidence was filed, and thereafter the trial court granted summary judgment, dismissing plaintiff's suit against the City of Gretna and Titan Insurance Company.
In this appeal, plaintiff alleges that the evidence was insufficient and that the City failed to establish its burden of proof.
A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Summary judgments are now favored in the law and the rules should be liberally applied. Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 10/31/2000), 772 So.2d 865. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. La. C.C.P. art. 966; Perricone v. East Jefferson General Hospital, 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48. The mover bears the burden of proof; however, the mover need only to "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim"...... La. C.C.P. article 966 C(2). Once the mover has made a prima facie showing that the motion shall be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Perricone v. East Jefferson General Hosp., supra.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Carr v. Wal-Mart Stores, Inc., supra.
La. R.S. 48:193 places on the State the duty to repair municipal roads or streets which form a continuation of a state highway. An urban arterial is within the state highway system. La. R.S. 48:191.
In Maeder v. Williams, 94-0754 (La. App. 4 Cir. 11/30/94), 652 So.2d 1005, writ denied, 94-3150 (La.3/10/95), 650 So.2d 1177, the court said that the duty imposed by R.S. 48:193 includes the signings at intersections along state highways, and that this duty is non-delegable and cannot be contracted away to another entity.
In his deposition, Johnny Laughlin averred that he was responsible for traffic control devices for the City of Gretna, and that Kepler Street was a state urban arterial, rendering the State responsible for the control of traffic and traffic control devices on and along the roadway. Therefore the State was responsible for the signs at the intersections along Kepler Street, and the City of Gretna was not responsible for the traffic control sign at the intersection of Monroe Street. No countervailing evidence was produced.
The trial court rendered judgment finding that "the State of Louisiana, and not the municipality of Gretna, is responsible for the maintenance of traffic controls at that intersection [of Kepler and Monroe Streets]." Our review of the evidence shows us that the trial court was correct in finding that the City of Gretna was not responsible for the maintenance of the stop sign.
Considering the foregoing, we find that the trial court was correct in granting the motion for summary judgment, and we affirm the judgment dismissing plaintiffs suit against the City of Gretna and Titan Insurance Company. Costs of this appeal are assessed against plaintiff.
AFFIRMED.