921 So.2d 1093 (2006)
Rock P. KAMPMANN
v.
Dr. Helen MASON and Josephine Hambacher.
No. 05-CA-423.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 2006.
Cheryl A. McAnespy-Smith, Attorney at Law, Harvey, Louisiana, for Plaintiff/Appellant.
Craig R. Nelson, Attorney at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and JAMES C. GULOTTA, Pro Tempore.
*1094 JAMES C. GULOTTA, Judge Pro Tempore.
Rock Kampmann seeks review of the trial court decision granting a defense motion for summary judgment and dismissing his claim against defendant, Sidmark Laboratories, Inc. (Sidmark) for failure to adequately warn of adverse reactions to the generic drug, Trazodone. We reverse.
Plaintiff filed suit against his doctor, Helen Mason and his pharmacist, Josephine Hambacher, for injuries sustained as a side effect of the drug Trazodone. In the petition, Kampmann alleges that Dr. Mason prescribed Zoloft for depression, suicidal thoughts and alcohol abuse, and Trazodone for sleep. Plaintiff was instructed to take one tablet of Trazodone thirty minutes before bedtime. After about two weeks, he experienced a painful erection and penile dysfunction. Ultimately, Kampmann had to undergo several surgeries, and has permanent impairment of erectile function.
Plaintiff made a claim for malpractice against Dr. Mason and Ms. Hambacher. The medical review panel convened for consideration of plaintiff's claim, rendered an opinion finding that both Dr. Mason and Ms. Hambacher met the applicable standard of care, and holding that there was no medical malpractice. The opinion did, however, state:
... there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the Court, as to whether Mr. Kampman was informed of the risk of priapism by Dr. Mason.
Thereafter this suit against Dr. Mason and Ms. Hambacher followed alleging that they were jointly liable for failure to inform plaintiff of the possible side effects of the drug, Trazodone.
In a supplemental and amending petition, plaintiff added Sidmark Laboratories, Inc., the manufacturer of Trazodone as a defendant, alleging that the drug, Trazodone, was unreasonably dangerous because of inadequate warnings of the risks of priapism.
Sidmark filed exceptions of prescription and no right/no cause of action, and a motion for summary judgment. The trial judge granted that motion for summary judgment with written reasons and dismissed plaintiff's action based on a conclusion that the warning was adequate. Further, the trial judge determined the judgment should be immediately appealable.
In an inadequate warning claim against a drug manufacturer, a plaintiff must show that the manufacturer failed to warn the physician of a potential risk of taking the drug and, second that this failure to warn the doctor was the proximate cause of his injury. Stahl v. Novartis Pharmaceuticals Corp., 283 F.3d 254 (5th Cir.2002); cert. denied, 537 U.S. 824, 123 S.Ct. 111, 154 L.Ed.2d 34 (2002).
The judgment on review is the grant of a summary judgment in favor of a drug manufacturer, dismissing plaintiff's claim of harm by an unreasonably dangerous product because of inadequate warning. The defense argued by defendant was the "learned intermediary doctrine." Under the learned intermediary the drug manufacturer has no duty to warn the customer directly. The manufacturer's duty is fulfilled when the prescribing or treating physician is informed of the risks from the drug use. It is then the physician's responsibility to advise the patient. In this regard Sidmark relies on Mikell v. Hoffman-LaRoche, Inc., 94-0242 (La.App. 1 Cir, 12/22/94), 649 So.2d 75. Under this theory as set forth in Mikell, a doctor acts as an informed intermediary and the decision to use the drug Trazodone rests with the doctor and the patient and not the manufacturer.
Sidmark argues its presentation on the "learned intermediary doctrine" defense is *1095 sufficient for summary judgment and defeats an essential element necessary for plaintiff to prevail on the merits. Specifically, Sidmark argues its insert giving adequate warnings to its customers, the wholesalers of the drug, is sufficient to fulfill its duty under the "learned intermediary doctrine." Therefore, under La. C.C.P. art 966 C(2) the burden of proof shifts to plaintiff to produce evidence sufficient to "establish that he will be able to satisfy his evidentiary burden of proof at trial." Since plaintiff did not produce such evidence, Sidmark argues the summary judgment was correctly granted.
In support of its motion for summary judgment, Sidmark attached an affidavit from Deborah L. Pakay, Director of Regulatory Affairs for Sidmark. She asserted a "Professional Insert," used in 1998 when plaintiff purchased the drug was included in bottles of Trazodone and sent to Sidmark's customers who are the wholesalers of the drugs. The wholesalers then sell the drugs to the pharmacies, who in turn sell the drug to the consumer. The insert used by Sidmark in bottles sent to the wholesalers was attached to the affidavit and contains the following warning:
WARNINGS: Trazodone has been associated with the occurrence of priapism. In many of the cases reported, surgical intervention was required and, in a portion of these cases, permanent impairment of erectile function or impotence resulted. Male patients with prolonged or inappropriate erections should immediately discontinue the drug and consult their physician.
Plaintiff opposed the motion for summary judgment, arguing that the insert he received in the medication did not contain the above warning, and that he was never warned of the danger of priapism. In support of the opposition, plaintiff attached the written reasons for judgment by the medical review panel. Those reasons are:
Dr. Mason made the appropriate choice in prescribing Trazodone for sleep. The dosage was also appropriate. It is common practice to verbally warn a male patient of the risk of priapism when Trazodone is prescribed.
Ms. Hambacher, the pharmacist, properly dispensed the medication as prescribed and followed the standard protocol by providing the information to the patient and having him sign that he read and received the medication information sheet.
The literature provided to the patient by the West Jefferson Parish Mental Health Center correctly warned the patient of "other side effects" and to consult with the doctor should "any other effects" occur.
Also attached is a portion of plaintiff's deposition in which he states that he read the "warning label" provided with the drug and it did not contain any warning that indicated Trazodone could cause priapism. Plaintiff maintains he was given a different insert from the one attached to defendant's motion for summary judgment. The warning presented by the defendant is from the United States Pharmacopeial Convention, Inc., and is dated November, 1984. The warning of priapism is not contained in that insert.[1]
Summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Summary judgments are now favored in the law and the rules should be liberally applied. Nutt v. City of Gretna, 00-1864 (La.App. 5 Cir. 5/16/01), 788 So.2d 617. When the movant does not bear the burden of proof at trial, the "burden on the motion does not require him to negate all *1096 essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. article 966 C(2). Once that burden is met, it shifts to the adverse party to "produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial." Id. Our review of summary judgments is de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Nutt v. City of Gretna, supra.
The Louisiana Products Liability Law is embodied in La. R.S. 9:2800.51 et. seq., the purpose of which is to protect the consumer. The drug manufacturer's duty to the "user" as defined in La. R.S. 9:2800.57 is assumed by the doctor. Under La. R.S. 9:2800.57 A, the drug manufacturer's duty is to "provide reasonable care to provide an adequate warning" to the doctor.
However, Sidmark did not present evidence from any medical professional to show whether that warning was sufficient. That element is essential to the learned intermediary defense.
We find that the defendant's failure to produce evidence from a doctor that the warning was adequate defeats its motion for summary judgment.
To successfully maintain a claim for failure to warn under the Louisiana Products Liability Law, a plaintiff must show that the product has a potentially dangerous risk which caused him harm and that the manufacturer failed to use reasonable care to provide adequate warning of that characteristic to the doctor. La. R.S. 9:2800.57; Stahl v. Novartis Pharmaceuticals Corp., supra. Part A of 9:2800.57 imposes a duty on a manufacturer to "use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." (emphasis ours). Thus, the relevant statute imposes a duty on the manufacturer of the product to the consumer of the product. In our case, Sidmark has a duty under 9:2800.57 to "use reasonable care to provided adequate warning" to plaintiff as the "user" of the product.
Sidmark asks this court to lessen the duty owed by the manufacturer to the user under the learned intermediary doctrine by holding that a drug manufacturer's duty to warn is sufficient by notification to the wholesalers. Sidmark contends that no further notice to doctors is necessary. Consequently, Sidmark offered no evidence to show how it made a "reasonable attempt" to notify the doctor that the risk of priapism is serious, and that emergency treatment is necessary at the onset of symptoms. There is no testimony, or affidavit of the treating physician or any other medical professional to establish this vital link in Sidmark's defense.
We are not inclined to hold that a drug manufacturer fulfills its duty under the Louisiana Products Liability Law to use reasonable means to notify the user of the product by a mere warning to the wholesalers.
Without any medical testimony or affidavits from the treating physician or any other physician, that important element of the defense is missing. Therefore, we find Sidmark did not make the necessary showing that there is no question of material fact undecided and that it is entitled to summary judgment as a matter of law.
Accordingly, the trial court erred in granting summary judgment. The plaintiff's claim is reinstated.
REVERSED.
NOTES
[1] Plaintiff also asserts the judgment is premature.