389 So.2d 93 (1980)
Joyce LANDRY, wife of/and Ernest Landry, Individually and on behalf of their Minor Son, Ronnie Landry
v.
Arletta BRANDY, Warren Watson, Krauss Company, Ltd. and Sports Wheels.
No. 10738.
Court of Appeal of Louisiana, Fourth Circuit.
September 19, 1980.
*94 Bendana & Carlton, Orlando G. Bendana and Wayne H. Carlton, Jr., New Orleans, for plaintiffs-appellants.
Sessions, Fishman, Rosenson, Snellings & Boisfontaine, James Ryan, III, New Orleans, for State Farm Mut. Auto. Ins. Co., defendant-appellee.
Joseph M. Neilson, New Orleans, for Arletta Brady and Warren Watson, defendants-appellees.
Before SAMUEL, BOUTALL and GARRISON, JJ.
SAMUEL, Judge.
Plaintiffs, husband and wife, individually and on behalf of their minor son, filed this suit for injuries resulting from an accident which occurred on November 2, 1978 between a bicycle operated by the minor and an automobile owned by Ms. Arletta Brady (the name is misspelled "Brandy" in the petition and in the title of the case) and driven by Warren Watson.
Brady and Watson answered in the form of a general denial and filed a third party demand against State Farm Mutual Automobile Insurance Company, as the automobile liability insurer of Brady, for damages and attorney's fees for failure to defend the suit. Plaintiffs also named State Farm a defendant based on the automobile liability policy issued to Brady.
State Farm then filed a motion for summary judgment contending the policy had been cancelled for nonpayment of premium. The motion was granted and there was judgment in favor of State Farm dismissing both plaintiffs' petition and the third party demand of Brady and Watson. Plaintiffs have appealed. Neither Brady nor Watson has appealed.
These facts are not in dispute: In 1978, prior to the accident, Ms. Brady purchased an automobile liability policy from State Farm Mutual Automobile Insurance Company. It was financed by Louisiana Credit Services, Inc. On September 7, 1978 she signed the following power of attorney in favor of Louisiana Credit:
"This is to inform you that Louisiana Credit Services, Inc. financed the premium for this Assigned Risk Policy. I hereby irrevocably appoint Louisiana Credit Services, Inc. or its Assigns my lawful Attorney-in-Fact to deliver to you my original policy or lost policy release for cancellation of this financed policy or to request cancellation for non-payment of premium in the event of my default in premium payment to Louisiana Credit Services, Inc. and to collect all return premiums due to me, including returns on endorsements and further empower them to sign any necessary written instruments including endorsement of return premium checks. I hereby ratify any and all acts that my attorney may do or perform hereunder."
An installment due on October 10, 1978 was not paid timely, and on October 13, 1978 Louisiana Credit mailed a notice to *95 Brady containing the following: "INSURANCE IS SUBJECT TO CANCELLATION IF PAYMENT IS NOT RECEIVED WITHIN 10 DAYS OF THIS NOTICE." The cancellation date specified on this form was October 20, 1978.
On October 23, 1978, after payment was not made, Louisiana Credit notified State Farm it requested cancellation of the policy immediately, due to nonpayment of premium. Thereafter, on November 10, 1978 State Farm notified Ms. Brady her policy was cancelled effective October 20, 1978.
In addition to the above documents, all of which were introduced in support of State Farm's motion, mover further relied on the affidavit of Damon Doussat, President of Louisiana Credit, attesting to the authenticity of the documents and stating no premiums were paid by Brady prior to the effective date of cancellation, and that Louisiana Credit had received all refunds due in connection with the cancellation.
An affidavit of Ms. Brady was introduced in opposition to the motion. The affidavit states she had complied with the contract, having paid all premiums prior to the date of the accident. In the record are cancelled checks payable to Louisiana Credit. Both are dated October 28, 1978. One, in the sum of $51.91 and payable to Louisiana Credit Services, Inc., was negotiated on November 1, 1978. The other, payable to State Farm in the sum of $13.50, was negotiated on November 3, 1978.
As provided in part by Code of Civil Procedure Article 966: "The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Summary judgment is not a substitute for trial on the merits and cannot be rendered in the absence of a clear showing that there is no genuine issue as to material fact and that the mover therefor is entitled to judgment as a matter of law.[1]
Here, as has been pointed out, the State Farm documents state the policy in suit was cancelled for nonpayment of premiums by State Farm on November 10, 1978 (subsequent to the November 2, 1978 accident) but effective October 20, 1978 (prior to the occurrence of the accident). On the other hand, the plaintiff affidavit states all premiums were paid prior to the accident. The cancelled checks in the record indicate one was negotiated by deposit in a Louisiana Services account on November 1, 1978 (one day before the accident) and the other was negotiated by deposit in a State Farm account on November 3, 1978 (one day after the accident). Thus, there are genuine issues as to material facts.
Nor is State Farm entitled to judgment as a matter of law; the negotiating of the two October 28, 1978 Brady checks certainly calls for clarification, and, without some further evidence justifying such a conclusion, we cannot hold as valid the effective cancellation of the policy some three weeks prior to the time the insured was notified thereof.
For the reasons assigned, only insofar as it applied to plaintiffs-appellants, the summary judgment appealed from is annulled and set aside and the matter is remanded to the district court for trial on the merits. All costs in this court are to be paid by defendant-appellee, State Farm Mutual Automobile Insurance Company.
JUDGMENT ANNULLED AND SET ASIDE; MATTER REMANDED FOR TRIAL ON THE MERITS.
NOTES
[1] LeBlanc v. Landry, La.App., 371 So.2d 1276; Simmons v. City of Lake Charles, La.App., 368 So.2d 1167; Prine v. Kinchen, La.App., 341 So.2d 1149; Laufer v. Touro Infirmary, La. App., 334 So.2d 541; Keen v. Pel State Oil Co., Inc., La.App., 332 So.2d 286; George & George, Ltd. v. Bennett, La.App., 329 So.2d 793; Ferina v. Howard, La.App., 285 So.2d 805; Metoyer v. Aetna Insurance Company, La.App., 278 So.2d 847; Glass v. Vista Shores Club, La.App., 221 So.2d 304; Joiner v. Lenee, La.App., 213 So.2d 136; Lake Charles Harbor & Terminal Dist. v. Farquhar, La.App., 196 So.2d 847; Roy & Roy v. Riddle, La.App., 187 So.2d 492; Acadia-Vermillion Rice Irrigating Co. v. Broussard, La. App., 185 So.2d 908.