CARTER, Judge.
This is an appeal from a trial court judgment granting a motion for summary judgment.
FACTS
On June 21, 1980, plaintiff, Walter F. Sawyer, was a guest passenger in his own vehicle, which was being operated by Glynn L. Rhodes. The Sawyer vehicle was proceeding east on a two-lane stretch of U.S. Highway 90 in Assumption Parish. As the Sawyer vehicle approached the intersection with La. Highway 662, it came upon a vehicle in its lane of travel, operated by an unknown driver, which was attempting to make an illegal left turn from U.S. Highway 90 onto La. Highway 662.
Rhodes was not able to bring the vehicle to a stop behind the unknown driver’s car, nor was he able to travel on the right shoulder of U.S. Highway 90 because an abandoned vehicle occupied the shoulder .near the intersection. Therefore, Rhodes steered the vehicle into the westbound lane of U.S. Highway 90 and collided with a large truck owned by Santa Fe Engineering & Construction Company and operated by Dallas J. Boudreaux.
On December 22, 1980, plaintiff entered into a settlement and release with Rhodes and Aetna Casualty & Surety Company (Aetna). Thereafter, on June 22, 1981, Sawyer filed suit for damages against Dallas J. Boudreaux, Santa Fe Engineering & Construction Company (Santa Fe), and the State of Louisiana through the Department of Transportation and Development (State), among others. Thereafter, numerous third-party and reconventional demands were filed.
On June 4, 1982, the instant suit was consolidated with a suit filed by Rhodes against many of the same defendants. On August 9, 1982, Boudreaux and Santa Fe filed a motion for summary judgment against plaintiff. On January 24, 1983, the trial court rendered judgment, granting the motion for summary judgment and dismissing plaintiffs claims against Boudreaux and Santa Fe. No appeal was taken from this judgment.
On February 9, 1989, the State filed the instant motion for summary judgment, requesting that plaintiffs claims against it be dismissed. Attached to its motion was a copy of the police report and the affidavit of the investigating officer. In support of its motion, the State argued that, when Sawyer settled with Rhodes and Aetna, he did not reserve his rights against any other defendants. As a result, the State reasoned that, under LSA-C.C. art. 2203, the release of Rhodes (a solidary obligor) without a reservation of rights as to the other defendants, discharged all solidary obligors from liability.[1]
After a hearing, the trial court rendered judgment, granting the State’s motion for summary judgment and dismissing plaintiff’s claims against the State.
From this adverse judgment, plaintiff appeals, contending that the trial court erred in granting the State’s motion for summary *125 judgment.[2]
SUMMARY JUDGMENT
LSA-C.C.P. art. 966 provides, in pertinent part:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed.
[[Image here]]
B. ... The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
LSA-C.C.P. art. 967 provides, in pertinent part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
In McCoy v. Physicians & Surgeons Hospital, Inc., 452 So.2d 308 (La.App. 2nd Cir.), writ denied, 457 So.2d 1194 (La.1984), the court stated:
That portion of an affidavit or deposition not based on personal knowledge should not be considered in deciding a motion for summary judgment. Statements in affidavits or depositions of the opinion or belief of an expert based on his special training and experience do not meet the requirement of personal knowledge. A statement of opinion is not sufficiently certain or probative to justify a conclusion that there is no issue of fact which should be determined by a trial on the merits. Expert opinion statements or testimony requires evaluation by the trier of fact as to probative value. A motion for summary judgment is not the proper vehicle for the trier of fact to evaluate evidence and determine the facts which are disputed. See Nelson v. Marrus, 343 So.2d 740 (La.App. 2d Cir. 1977); McWhiney v. Travelers Ins. Co., 343 So.2d 736 (La.App. 2d Cir.1976); Hidalgo v. General Fire & Casualty Company, 254 So.2d 493 (La.App. 3d Cir. 1971); Warden v. Southwest Louisiana Hospital Association, 300 So.2d 590 (La.App. 3d Cir.1974).
452 So.2d at 310. This court in Brock v. Newman, 543 So.2d 84 (La.App. 1st Cir.), writ denied, 548 So.2d 1251 (La.1989), followed the approach set forth in McCoy. See also Weston v. Raymond Corporation, 531 So.2d 528 (La.App. 5th Cir.), writ denied, 533 So.2d 360 (La.1988).
It is well settled that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Louisiana National Bank v. Slaughter, 563 So.2d 445 (La.App. 1st Cir.1990); Kerwin v. Nu-Way Construction Service, Inc., 451 So.2d 1193 (La. App. 5th Cir.), writ denied, 457 So.2d 11 (La.1984); Landry v. Brandy, 389 So.2d 93 (La.App. 4th Cir.1980); Cooper v. Anderson, 385 So.2d 1257 (La.App. 4th Cir.), writ denied, 393 So.2d 738 (La.1980). The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reason *126 able minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Frazier v. Freeman, 481 So.2d 184 (La. App. 1st Cir.1985); Asian International, Ltd. v. Merrill Lynch, Pierce, Fenner and Smith, 435 So.2d 1058 (La.App. 1st Cir. 1983).
On motion for summary judgment, it must first be determined that the supporting documents presented by the moving party are sufficient to resolve all material issues of fact; if they are not sufficient, summary judgment should be denied. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Frazier v. Freeman, 481 So.2d at 186; Nathans v. Vuci, 443 So.2d 690 (La.App. 1st Cir.1983). Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. Dupuy v. Gonday, 450 So.2d 1014 (La.App. 1st Cir.1984). In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d at 775; Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
In the instant case, the State, in support of its motion for summary judgment, submitted the affidavit of Louisiana State Police Trooper Anthony Galliano and a copy of the accident report. In his affidavit, Officer Galliano stated that he investigated the accident in the instant case and prepared the accident report attached to his affidavit. Galliano, after investigating the accident, speaking with the parties involved, and reviewing the accident report, made the following determinations:
(a) The driver of vehicle 1 as described in the accident report, GLYNN L. RHODES, was at fault in causing the accident by crossing into the opposite lane of travel because GLYNN L. RHODES failed to have his vehicle under proper and reasonable control.
(b) That GLYNN L. RHODES, driver of vehicle 1, lost control of his vehicle when he was forced to apply the brakes on his vehicle after driving at an unsafe, excessive speed on the Amelia bridge as he approached a congested intersection.
(c)That the vehicle parked on the right-hand shoulder of the east bound lane of U.S. 90 was not parked even partially on the highway nor did it block or impinge the flow of traffic in any way.
Plaintiff filed no countervailing affidavits.
Although the affidavit and report filed in the instant case strongly suggests that Rhodes was at fault in causing plaintiffs damages and, as such, was solidarily obligated with the other alleged tort-feasors, summary judgment is inappropriate. To the extent that the affidavit and report of Galliano express his opinion as to the cause of the accident, they are not based on personal knowledge and may not be considered in ruling on a motion for summary judgment. While the officer's opinion would be admissible and would constitute probative evidence at trial, consideration of the opinion evidence calls for the type of evaluation the trier of fact engages in during a trial on the merits. See McCoy v. Physicians & Surgeons Hospital, Inc., 452 So.2d at 310.
Absent consideration of the statements of opinion by the police officer, we cannot say that there is no genuine issue of material fact as to whether Rhodes is solidarily obligated with the State for plaintiffs injuries or that the State is entitled to judgment as a matter of law. Accordingly, we find that the trial court erred in granting the State’s motion for summary judgment.
CONCLUSION
For the above reasons, the judgment of the trial court, granting the State’s motion for summary judgment, is reversed, and the matter is remanded to the trial court for further proceedings consistent with the views expressed herein. The State is cast for costs on appeal in the amount of $200.00. All other costs to await a final determination of the case on the merits.
REVERSED AND REMANDED.

. At all times pertinent hereto, LSA-C.C. art. 2203 provided as follows:
The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission.
Under this provision, an obligee who remits a debt in favor of one solidary obligor without expressly reserving his right against the others was deemed to have forfeited the entire obligation.
By Acts 1984, No. 331, § 1, the Legislature repealed LSA-C.C. arts. 2058 to 2291 and amended and reenacted Titles III and IV of Book III of the Civil Code. As amended and reenacted, LSA-C.C. art. 1803 provides that:
Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligors in the amount of the portion of that obligor.
******
Comment (a) to this article suggests that this provision “changes the law insofar as it establishes that remission of debt in favor of one obligor does not extinguish the solidary obligation, but only reduces it for the other obligors in the amount of the remitted share. The same effect is given to a transaction or compromise between the obligee and one of the solidary obligors."

. The issues raised in the instant appeal arise out of the claims of plaintiff, Walter F. Sawyer, against numerous defendants. In the consolidated suit by Rhodes, similar motions for summary judgment were filed. The instant appeal, however, addresses only the trial court judgment of May 18, 1989, wherein the trial court granted the State’s motion for summary judgment and dismissed Sawyer’s claims.