GUIDRY, Judge.
Plaintiff, Harold M. Sayrie, appeals the granting of summary judgment by the trial court in favor of defendants, Harbert International, Inc. and its insurer, United States Fidelity and Guaranty Company, dismissing his petition for worker’s compensation benefits under La.R.S. 23:1221(4)(p). On appeal, Sayrie essentially contends that the trial court erred in its interpretation of La.R.S. 23:1221(4)(p), insofar as it allows compensation for permanent hearing loss. We affirm, fully agreeing with the trial court’s interpretation of the pertinent part of Section 1221.
In disposing of the issue presented, the learned trial judge rendered excellent written reasons which we are pleased to adopt as our own:
“This matter came before the Court on May 2, 1989, as a motion for summary judgment filed on behalf of Harbert International Incorporated and United States Fidelity and Guaranty Insurance Company. The facts of the plaintiff’s claim as presented to the Court are briefly as follows:
Between June 16, 1986 and December 8, 1986, plaintiff sustained serious and disabling injuries by way of a permanent hearing loss in both ears while in the employ of Harbert International, Inc., as a sandblaster on a job site. Plaintiff claims that the hearing impairment was occasioned by the persistent and continuance exposure over the period from June, 1986 to December, 1986 to noise of such a decibel level as to permanently injure petitioner’s hearing.
In response to plaintiff’s claim for worker’s compensation, defendants, Harbert International, Inc. and United States Fidelity and Guaranty Company filed a motion for summary judgment seeking to dismiss the plaintiff’s petition.
Defendants base the motion on two separate grounds. The first ground is that there are no material facts in dispute as to the extent of plaintiff’s measured hearing loss, which loss does not constitute a disabling injury within the meaning of the Worker’s Compensation Act. L.S.A. R.S. 23:1221 contemplates that an employee seeking worker’s compensation benefits be disabled from engaging in any self-employment or occupation for wages or any other work for which he is reasonably suited by reason of education, training, and experience. Defendant specifically referred to the deposition of Dr. Robert Tarpy, plaintiff’s treating physician, in which Dr. Tarpy states that from the results of hearing tests, it was determined that plaintiff’s hearing loss was quantified at a thirty percent (30%) loss in his left ear and a thirteen percent (13%) loss in his right ear. Dr. Tarpy also stated that the results of balance tests were normal. Dr. Tarpy went on to say that he does not consider the plaintiff disabled from performing his former job duties as a sandblaster; nor is he disabled from operating cranes, forklifts, cherry pickers, or other heavy equipment. Dr. Tarpy also said that plaintiff would not be disabled from working as a painter or a night club operator, all employments he has held in the past. It should also be noted that plaintiff is not claiming that he is disabled from performing the same or similar occupations as that in which he was employed before sustaining this hearing loss. Rather, plaintiff is relying on the provisions of *1129 L.S.A. R.S. 23:1221(4) relevant to permanent partial disability. Plaintiff claims that because he is seeking relief under the provisions of this statute, it is not necessary that he claim or prove any particular disability, but rather the law provides for compensation upon a showing that plaintiff has sustained an injury which is enumerated under Section 4 of the statute, which is the portion dealing with permanent partial disability.
This argument by plaintiff raises the defendants’ second ground for dismissal of plaintiff’s petition. Defendants argue that a comparison of the provisions granting benefits for a permanent hearing loss under 23:1221(4)(p), with the facts as established by plaintiff’s petition and the deposition of plaintiff’s treating physician, clearly shows that plaintiff’s claim does not meet the requirements set forth.
The pertinent provision of L.S.A. R.S. 23:1221(4)(p), reads as follows:
‘In cases not falling within any of the provisions already made, whether [sic] employee is seriously and permanently disfigured or suffers a permanent hearing loss solely due to a single traumatic accident....’ (Emphasis added.)
L.S.A. R.S. 23:1021(1) defines the term ‘accident’ as used in the chapter as:
‘(1) “Accident” means an unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury.’
Plaintiff’s petition clearly states that the hearing loss for which he is seeking compensation was occasioned by persistent and continuous noise of such a decibel level as to permanently injure plaintiff’s hearing over a period extending from June 16, 1986 through December 8, 1986. In the deposition of plaintiff’s treating physician, Dr. Robert Tarpy, is the following exchange:
‘Q. Do you have an opinion as to what did cause the hearing loss?
A. I think the hearing loss is related to noise trauma over a period of could
be months to years. I think it is noise induced because it’s got the textbook configuration of a noise induced hearing loss.’
(From Dr. Tarpy’s deposition at page 16). Defendants argue that clearly the statute specifically limits award of benefits for hearing loss to those instances where the loss was 'solely due to a single traumatic accident’, and that such is not the case here. This Court agrees with the defendants’ interpretation of the statute as applied to the facts of this case. The plaintiff’s claim for benefits simply does not meet the requirements specifically set out in 23:1221(4)(p).
Counsel for plaintiff argued at hearing that according to recent jurisprudence a ‘cumulative injury’ could be held to satisfy the ‘accident’ requirement of 23:1221(4)(p). Specifically, counsel for plaintiff cited Hale v. Pinecrest State School, 505 So2d 987 (La.App. 3rd Cir. 1987) [writ denied, 508 So2d 68 (La.1987) and 508 So2d 76 (La.1987) ]. This Court finds the facts and decision of Pinecrest inapplicable to the present case. In Pinecrest, the plaintiff was seeking benefits for injury to her back and neck which she claimed was causally connected to job duties which required numerous hours of talking on the telephone with the receiver of the phone cradled between her neck and shoulders while she consulted various documents in her position as payroll supervisor at Pinecrest State School. In Pinecrest, the plaintiff was claiming permanent total disability and the ‘single traumatic accident’ requirement of 23:1221(4)(p) was not at issue. At issue in Pinecrest was the causation of the plaintiff’s neck and back injuries, and whether or not she had proved by a preponderance of the evidence that the strain produced on her neck and back during performance of various job duties at Pinecrest, had, over a period of time, acted to cause the injury she was seeking compensation for. The Court in Pinecrest held that plaintiff sustained her burden of proof by showing ‘that the work duties of Mrs. Hale put constant strain on her neck for the *1130 past seventeen years which contributed to her ruptured cervical disc’. Pinecrest at page 991. Further, the Court found that the plaintiff was disabled from performing the same job or any other to which she was reasonably suited by training and experience.
Causation is not an issue in the case before this Court. Nor is petitioner claiming permanent total disability. Plaintiff is seeking relief under L.S.A. R.S. 23:1221(4)(p) which provides benefits for permanent hearing loss solely due to a single traumatic accident. This Court finds nothing in the decision in Pinecrest that alters the requirement of 23:1221(4)(p) that benefits for a permanent hearing loss are available only when the loss is solely due to a single traumatic accident. This Court can only speculate as to policy reasons behind such a requirement, however based on the facts presented to the Court and the laws discussed above, this Court grants the motion for summary judgment filed by defendant, Harbert International, Incorporated and United States Fidelity and Guaranty Insurance Company, dismissing the plaintiffs petition, all costs to be cast to plaintiff.”
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.