JaLOTTINGER, Chief Judge.
Plaintiff appeals a summary judgment which was granted in favor of defendants based on a receipt and release.
FACTS
In June, 1982, Joseph Miceli filed suit in federal court against numerous entities which manufactured asbestos insulation products. On August 31, 1982, Mr. Miceli and his wife, Mary Ruth Miceli, executed a receipt and release, thereby releasing one of the “asbestos defendants,” Combustion Engineering, Inc.
In June, 1987, Mr. Miceli was diagnosed with cancer. He filed this survival action in state court against The American Tobacco Company, Lorillard, Inc., Liggett Group, Inc. and K & B Louisiana Corporation (tobacco defendants). Mr. Miceli died in September, 1987. His wife was substituted as plaintiff in the survival action.
Following her husband’s death, Mrs. Miceli filed a wrongful death suit[1] in state court against the tobacco defendants and the asbestos defendants, excluding Combustion. The asbestos defendants sought summary judgment on the theory that the earlier release executed by Mary Miceli in favor of Combustion, and without a reservation of rights against other asbestos defendants, acted as a bar to her wrongful death action. The trial court granted summary judgment, *30 and in an unpublished opinion, we sustained the trial court’s ruling.[2]
The tobacco defendants have now filed motions for summary judgment in the survival and wrongful death actions.[3] They assert that because the release executed by the Miceli’s did not contain an expressed reservation of rights as to the |3tobacco defendants, the release bars any claims against the tobacco defendants who are solidary obligors with Combustion. The trial court granted the motions holding that the receipt and release executed in favor of Combustion discharged all claims against the tobacco defendants as solidary obligors. Mrs. Miceli appeals asserting that:
(1) The trial court committed reversible error by granting appellees Motion For Summary Judgment because, appellant did not have a duty under former La.Civ.Code Art. 2203 to reserve her rights against then unknown tort feasors.
(2) The trial court committed reversible error by granting appellees’ Motion For Summary Judgment because, appellees did not make the requisite showing that they were solidary obligors with the previously released asbestos defendants.
We address only assignment of error number two because our conclusion on that issue disposes of this case on appeal.
A motion for summary judgment may be granted if pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.Pro. art. 966. The burden is on the mover to show that there is no genuine issue of material fact. Succession of Lawrence, 623 So.2d 96, 99 (La.App. 1st Cir. 1993). Whether or not a fact in dispute is material is determined by the applicable substantive law. Id. at 100.
In this case, the applicable law is La.Civ. Code art. 2203. At the time that the Micelis executed the release in favor of Combustion, La.Civ.Code art. 2203 provided:
The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved the right against the latter.
In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission.
In order to avail themselves of former article 2203, defendants must first prove that they are in fact “codebtors in solido.” To establish solidary liability, the Rparty claiming the benefit of the release must establish that the released party was negligent and contributed to the plaintiffs injury, and thus was a joint tort feasor. Hemphill v. Strain, 341 So.2d 1186, 1190 (La.App. 1st Cir.1976), writ denied, 343 So.2d 1072 (La.1977); Papania v. Aetna Casualty & Surety Company, 291 So.2d 908, 911 (La.App. 3rd Cir.), writ denied, 294 So.2d 835 (La.1974).
The tobacco defendants have presented no evidence that the released party was negligent and contributed to Mr. Miceli’s injury. Furthermore, the pleadings do not settle the issue of joint liability. While plaintiff asserts solidary liability, the tobacco defendants contend that the asbestos defendants are “solely” hable for Mr. Miceli’s injuries.
Absent admissible proof of solidary liability, the pleadings present a genuine issue of material fact as to whether the tobacco and asbestos defendants are solidary obligors. Because there is a genuine issue of material fact in dispute, summary judgment was inappropriate.
For these reasons, the judgment of the trial court is reversed, and this case is remanded for further proceedings. Costs of this appeal are assessed against defendants.
REVERSED AND REMANDED.

. The wrongful death suit is entitled Miceli v. Armstrong World Industries, et al., No. 94CA0365.

. The unpublished opinion is Miceli v. Armstrong World Industries, et al, No. 92CA0720 (La.App. 1st Cir.1993).

. Because this decision addresses identical issues raised in the wrongful death suit, we have referenced that case to this opinion.