691 So.2d 283 (1997)
Mary Ruth Ford MICELI
v.
ARMSTRONG WORLD INDUSTRIES; Celotex Corporation; Eagle-Picher Industries, Inc.; Keene Corporation; Owens-Corning Fiberglas Corporation; Owens-Illinois Inc.; Pittsburgh Corning Corporation; Rockwool Manufacturing Company; GAF Corporation; American Tobacco Company; Lorillard, Inc. and Liggett Group, Inc.
No. 96 CA 1134.
Court of Appeal of Louisiana, First Circuit.
March 27, 1997.
*284 George R. Covert and James L. Piker, Baton Rouge, for Plaintiff-Appellant Mary Ruth Ford Miceli.
Robert E. Winn, New Orleans, for Defendant-Appellee American Tobacco Company.
John M. McCollam, Steven W. Copley, New Orleans, for Defendant-Appellee Lorillard, Inc.
John Weigel, Joseph Lowenthal, Jr., New Orleans, for Defendant-Appellee Liggett Group, Inc.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
LOTTINGER, Chief Judge.
Unreleased defendants in this action filed a motion for summary judgment based upon deposition testimony which they claim establishes that they were solidarily liable with previously released defendants. Following the trial court's grant of summary judgment, plaintiff now appeals.

FACTS
In June, 1982, Joseph Miceli filed suit in federal court against numerous parties alleging that he contracted asbestosis and other asbestosis-related pulmonary diseases from his exposure to asbestos products manufactured by said defendants (hereinafter referred to as the "asbestos defendants"). On August 31, 1982, Mr. Miceli and his wife, Mary Ruth Ford Miceli, (who is the plaintiff in this case, but who was not a party in the federal suit), executed a receipt and release, thereby releasing one of the asbestos defendants, Combustion Engineering, Inc. (hereafter referred to as "Combustion"), from all claims against it. Thereafter, on September 9, 1982, Joseph Miceli filed a "Motion and Order of Partial Dismissal" in the federal lawsuit, requesting that Combustion be dismissed and "reserving all of his rights against the remaining defendants." The entire federal court action was ultimately dismissed on September 13,1985.
On or about June 26, 1987, Mr. Miceli was diagnosed as having lung cancer, and filed suit in the Nineteenth Judicial District Court, Parish of East Baton Rouge (hereafter referred to as the survival action)[1] against the American Tobacco Company, Lorillard, Inc., Liggett Group, Inc. and K & B Louisiana Corporation (hereinafter collectively referred to as the "tobacco defendants") asserting that his lung cancer was caused by the cigarettes manufactured and/or sold by said defendants. Joseph Miceli died of lung cancer on September 3, 1987, and his surviving spouse, Mary Ruth Ford Miceli, was substituted as plaintiff in the survival action.
Following her husband's death, Mrs. Miceli filed the present wrongful death action in the Nineteenth Judicial District against the tobacco defendants and the unreleased asbestos defendants alleging that her husband's death was caused by his exposure to the products of the "tobacco and asbestos defendants." The asbestos defendants thereafter sought summary judgment alleging that Mrs. Miceli's 1982 release of Combustion in the federal court litigation did not expressly reserve rights against the other solidary obligors *285 as the law then required, and accordingly discharged Mrs. Miceli's claims against said defendants. The trial court granted summary judgment, and in an unpublished opinion, we sustained the trial court's ruling.[2]
The tobacco defendants thereafter filed similar motions for summary judgment in both the survival and wrongful death actions. The tobacco defendants argued that because they were alleged to have been solidarily liable with the now-released asbestos defendants for causing Mr. Miceli's cancer, the 1982 release of Combustion in the federal court litigation operated to release plaintiff's claims against them as well. The trial court granted summary judgments, and Mrs. Miceli appealed. On appeal, we reversed the trial court in both matters, holding in the survival action[3] that:
To establish solidary liability, the party claiming the benefit of the release must establish that the released party was negligent and contributed to the plaintiff's injury, and thus was a joint tort feasor.
....
Absent admissible proof of solidary liability, the pleadings present a genuine issue of material fact as to whether the tobacco and asbestos defendants are solidary obligors. Because there was a genuine issue of material fact in dispute, summary judgment was inappropriate.
Miceli v. American Tobacco Company, 94-0351, pp. 3-4 (La.App. 1st Cir. 12/22/94); 649 So.2d 28, 30 (citations omitted).
Upon remand, the tobacco defendants re-urged their motions for summary judgment in both suits, this time offering, as proof of their status as solidary obligors, the deposition testimony of a physician who examined Joseph Miceli prior to his death. The trial court once again granted summary judgment giving the same reasons for judgment in both cases. From these judgments, Mrs. Miceli once again appeals.

ASSIGNMENTS OF ERROR
On appeal, Mrs. Miceli asks that we consider the following assignments of error:
1.) The trial court erred in granting summary judgment in favor of the tobacco defendants because Mrs. Miceli did not have a duty under former La. Civ.Code art. 2203 to reserve her rights against then unknown tort-feasors.
2.) The trial court erred in granting summary judgment because the tobacco defendants did not offer admissible evidence to prove that they were solidary obligors with the previously released asbestos defendants.

DISCUSSION
We should note at the outset of our discussion that the aforementioned assignments of error are the same issues that were presented for our review in the previous appeal. As in the previous appeal, our review in the present matter is confined to the second error asserted by Mrs. Miceli because our holding on that issue disposes of this matter.

APPROPRIATENESS OF SUMMARY JUDGMENT
La.Code Civ. P. art. 966[4] provides, in pertinent part:
A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his *286 favor for all or part of the relief for which he has prayed....
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends.
B.... The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden at trial.
Additionally, La.Code Civ. P. art. 967 provides, in pertinent part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
It is well settled that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966; Robertson v. Our Lady Of Lake Regional Medical Center, 574 So.2d 381 (La. App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991); Kerwin v. Nu-Way Construction Service, Inc., 451 So.2d 1193 (La. App. 5th Cir.), writ denied, 457 So.2d 11 (La.1984); Landry v. Brandy, 389 So.2d 93 (La.App. 4th Cir.1980); Cooper v. Anderson, 385 So.2d 1257 (La.App. 4th Cir.), writ denied, 393 So.2d 738 (La.1980). The burden is upon the mover to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Sawyer v. Boudreaux, 569 So.2d 123 (La. App. 1st Cir.1990); Frazier v. Freeman, 481 So.2d 184 (La.App. 1st Cir.1985).
In her second assignment of error, Mrs. Miceli asserts that the trial court erred in granting the tobacco defendants' motion for summary judgment based solely upon the deposition testimony of Dr. William Brooks Emory, a pulmonologist who conducted an independent medical examination of Mr. Miceli ten years earlier. Mrs. Miceli argues that the opinions expressed by Dr. Emory as to the cause of Mr. Miceli's cancer should not have been considered by the court in deciding a motion for summary judgment.
A review of Louisiana jurisprudence reveals that this issue was first addressed by the third circuit in Hidalgo v. General Fire & Casualty Company, 254 So.2d 493, 495 (La. App. 3rd Cir.1971). In Hidalgo, the plaintiff contended that he contracted infectious hepatitis while in the course and scope of his employment, and that he was therefore entitled to receive worker's compensation benefits. The trial court granted defendant's motion for summary judgment based upon the affidavit of a physician who stated that based upon his knowledge of how the virus is transmitted, plaintiff could not have contracted that hepatitis in the normal course of his duties as a bus driver. On appeal, the plaintiff argued that the opinions expressed by the doctor in his affidavit were based solely on his training and experience as a physician, and not on his personal knowledge of the plaintiff's condition. The third circuit reversed, holding that:
The purpose of the requirement of "personal knowledge" in Article 967 is to limit *287 the affidavits to facts which the affiant saw, heard or perceived with his own senses. The mere opinion of an expert witness, based solely on his special training and experience, is not based on "personal knowledge", as this term is used in Article 967.
Hidalgo v. General Fire & Casualty Company, 254 So.2d at 496.
The court in Hidalgo went on to state that "the opinions of experts are admissible in evidence and hence that requirement of Article 967 is met. However, the first requirement [of Article 967] must also be met, i.e., the affidavit must be based on personal knowledge." Hidalgo v. General Fire & Casualty Company, 254 So.2d at 496.
A similar issue was thereafter presented to the second circuit in McCoy v. Physicians & Surgeons Hospital, Inc., 452 So.2d 308 (La. App. 2nd Cir.), writ denied, 457 So.2d 1194 (La.1984). In McCoy, the plaintiff alleged that her injury was caused by both the surgery and a subsequently administered injection. The deposition testimony of a neurosurgeon who had examined and treated plaintiff over an extended period of time was relied upon by the defendant doctor in his motion for summary judgment. The neurosurgeon, relying in part on the history given to him by the plaintiff and others in forming his opinion, opined that her injury was caused by the injection and not the surgery. The second circuit reversed the trial court's grant of summary judgment stating:
That portion of an affidavit or deposition not based on personal knowledge should not be considered in deciding a motion for summary judgment. Statements in affidavits or depositions of the opinion or belief of an expert based on his special training and experience do not meet the requirement of personal knowledge. A statement of opinion is not sufficiently certain or probative to justify a conclusion that there is no issue of fact which should be determined by a trial on the merits. Expert opinion statements or testimony requires evaluation by the trier of fact as to probative value. A motion for summary judgment is not the proper vehicle for the trier of fact to evaluate evidence and determine the facts which are disputed. See Nelson v. Marrus, 343 So.2d 740 (La.App. 2nd Cir.1977); McWhiney v. Travelers Ins. Co., 343 So.2d 736 (La.App. 2nd Cir.1976); Hidalgo v. General Fire & Casualty Company, 254 So.2d 493 (La.App. 3rd Cir. 1971); Warden v. Southwest Louisiana Hospital Association, 300 So.2d 590 (La. App. 3rd Cir.1974).
McCoy v. Physicians and Surgeons Hospital, Inc., 452 So.2d at 310.
This court, in Brock v. Newman, 543 So.2d 84 (La.App. 1st Cir.), writ denied, 548 So.2d 1251 (La.1989), later followed the approach set forth in McCoy. In Brock, the trial court granted summary judgment based upon the "opinions" of two physicians who attested that the actions of defendants were within the applicable standard of care. In reversing the trial court, we stated:
La.Code Civ. P. art. 967 specifically states that affidavits must be based on "personal knowledge." An opinion as to whether a doctor breached the standard of care is not the type of "personal knowledge" contemplated by the codal article. It amounts to more of a conclusion that, while admissible at trial for the trier of fact to evaluate along with all the other evidence, should not be in an affidavit.
Brock v. Newman, 543 So.2d at 87.
In response to the error assigned by Mrs. Miceli, the tobacco defendants contend that Louisiana courts have expressly distinguished McCoy and Brock from instances in which the expert opinion was based on the expert's personal knowledge. In support of this contention, the tobacco defendants cite Quick v. Myers Welding and Fabricating, Inc., 94-282 (La.App. 3rd Cir. 12/07/94); 649 So.2d 999, writ denied, 95-0729 (La.4/28/95); 653 So.2d 598; Buffa v. Lawrence's Bakery, Inc., 615 So.2d 418 (La.App. 4th Cir.1993); and Obiago v. Merrell-National Laboratory Inc., 560 So.2d 625 (La.App. 4th Cir.), writ denied, 565 So.2d 445 (La.1990). The tobacco defendants further contend that Louisiana courts routinely allow expert affidavits to support summary judgments and cite Bailey v. United Gas Pipe Line Company, 27,655 (La.App. 2nd Cir. 12/06/95); 665 So.2d 664; writ denied, 96-0058 (La.2/28/96); 668 *288 So.2d 372; Nevels v. State, 95-0100 (La. App. 1st Cir. 11/09/95); 665 So.2d 26; Mikell v. Hoffman-LaRoche, Inc., 94-0242 (La.App. 1st Cir. 12/22/94); 649 So.2d 75; and Sayrie v. Harbert International, Inc., 576 So.2d 1127 (La.App. 3rd Cir.1991); as authority for this position.
Based upon our review of Louisiana jurisprudence, there seems to be some disparity among the various circuits in their approach to this issue. It appears that the third circuit has consistently applied the rule set forth by it in Hidalgothat is, the opinions of an expert expressed in an affidavit may be considered in connection with a motion for summary judgment provided same are based upon the expert's personal knowledge. See Stevens v. Bernard, 95-1010 (La.App. 3rd Cir. 1/31/96); 670 So.2d 264, 266; and Quick v. Myers Welding and Fabricating, Inc., 94-282 (La.App.3rd Cir. 12/07/94); 649 So.2d 999, 1002, writ denied, 95-0729 (La.4/28/95); 653 So.2d 598.
The fifth circuit appears to have adopted the same or similar rule based on its holdings in McElreath v. Progressive Insurance Company, 595 So.2d 693 (La.App. 5th Cir.); writ denied, 596 So.2d 557 (La.1992); and Weston v. Raymond Corporation, 531 So.2d 528 (La. App. 5th Cir.), writ denied, 533 So.2d 360 (La.1988).
The rule adopted by the fourth circuit however is entirely different. As we noted in our opinion in Brock, the fourth circuit in Fortenberry v. Berthier, 503 So.2d 596 (La. App. 4th Cir.1987), granted summary judgment in favor of defendant physician based upon his showing that plaintiffs possessed only two expert opinions, (1) that of a medical review panel which found no negligence on defendant's part and, (2) the opinion of a medical malpractice expert which was "generally favorable" to the defendant physician. Accordingly, the court found that this established that "plaintiff's (sic) could produce no expert testimony to support the malpractice suit in accordance with R.S. 9:2794." Fortenberry v. Berthier, at 598.
Later, in Obiago v. Merrell-National Laboratory, 560 So.2d 625 (La.App. 4th Cir. 1990), that court held that "an expert's opinion, derived from scientific/medical data ... is more a statement of fact based on personal knowledge acquired through research and experience." Obiago v. Merrell-National Laboratory, at 627. See also Buffa v. Lawrence's Bakery, Inc., 615 So.2d 418 (La.App. 4th Cir.1993); Richoux v. Tulane Medical Center, 617 So.2d 13 (La.App. 4th Cir.1993).
The approach taken by the second circuit is less clear. In Barnett v. Staats, 25,357 (La.App. 2nd Cir. 1/19/94); 631 So.2d 84, the second circuit, citing its earlier opinion in McCoy, held that:
[I]n the context of a motion for summary judgment, opinion evidence contained in affidavits and depositions is not sufficiently certain or probative to justify a conclusion that there is a lack of issues of fact requiring resolution at a trial on the merits. The mere opinion of an expert witness, based solely on his special training and experience, is not based on personal knowledge as this term is used in LSA-C.C.P. Art. 967.
Barnett v. Staats, 631 So.2d at 88, (citations and footnote omitted). See also Nelson v. Marrus, 343 So.2d 740 (La.App. 2nd Cir. 1977).
While observing in a footnote that the fourth circuit had embraced the opposing view, the second circuit in Barnett went on to hold that to the extent deposition excerpts of various expert witnesses expressed the opinion that the cabinet at issue fell due to a lack of glue, said testimony was not based on personal knowledge and could not be considered in ruling on a motion for summary judgment[5]. The court in Barnett concluded that these witnesses could offer similar testimony for the jury's evaluation at trial.
More recently however, in Bailey v. United Gas Pipe Line Company, 27,655 (La.App. 2nd Cir. 12/06/95) 665 So.2d 664, writ denied, 96-0058 (La.2/28/96) 668 So.2d 372, the trial *289 court ruled that affidavits of plaintiff's experts were inadmissible to oppose defendant's motion for summary judgment because they were not based upon the experts' personal knowledge as required by article 967. In reversing the trial court's grant of summary judgment, the second circuit, without reference to its earlier opinions in McCoy and Barnett, adopted the fourth circuit's rational of Obiago, and held that the affidavits of plaintiff's experts were admissible as the conclusions expressed therein were drawn from their expert knowledge of the pipeline industry.
The rule in the first circuit is more narrowly construed. As we have stated, this court, beginning with Brock, has adopted the rule of McCoy that:
A statement of opinion is not sufficiently certain or probative to justify a conclusion that there is no issue of fact which should be determined by a trial on the merits. Expert opinions or statements or testimony requires evaluation by the trier of fact as to probative value.
McCoy v. Physicians & Surgeons Hospital, Inc., 452 So.2d at 310.
While facts recorded by the expert through personal observation or examination may be admissible for purposes of summary judgment, the opinions or beliefs of said expert, though derived from personal observation or examination and based upon specialized training or experience, are not the type of "personal knowledge" contemplated by the codal article. As we stated previously in Brock, a statement of opinion "amounts to more of a conclusion that, while admissible at trial for the trier of fact to evaluate along with all other evidence, should not be in an affidavit." Brock v. Newman, 543 So.2d at 87. See also, Jones v. Allstate Insurance Company, 619 So.2d 111 (La.App. 1st Cir.), writ denied, 626 So.2d 1186 (La.1993); King v. Schuylkill Metals Corporation, 581 So.2d 300 (La.App. 1st Cir.), writ denied, 584 So.2d 1163 (La.1991); Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991); and Sawyer v. Boudreaux, 569 So.2d 123 (La.App. 1st Cir.1990).
The tobacco defendants have cited this court's opinions in Nevels v. State, 95-0100 (La.App. 1st Cir. 11/09/95); 665 So.2d 26 and Mikell v. Hoffman-LaRoche, Inc., 94-0242 (La.App. 1st Cir. 12/22/94); 649 So.2d 75 as authority for the proposition that this court has permitted the opinions of experts to support summary judgments. We disagree.
This court's opinion in Nevels involved a dispute over whether a particular body of water was a lake as opposed to a river or stream. Certain named defendants filed a motion for summary judgment contending that the water body in question was a not a lake, but a stream. Said defendants relied on the affidavit of a professional surveyor who, after attesting to the differences between the body of water at issue and other water bodies characterized as "lakes," opined that the body of water in question was a stream rather than a lake. The trial court thereafter granted defendants' motion for summary judgment which was later upheld on appeal.
It should be noted that the admissibility of the opinions contained in the surveyor's affidavit was never raised as an issue in that matter. Furthermore, while it is clear that the trial court relied on the surveyor's affidavit, we cannot say that the court's grant of summary judgment was based on the conclusion of the surveyor as opposed to the facts within his personal knowledge set forth therein.
In Mikell, the plaintiff sought damages from defendant, a drug manufacturer, for its alleged failure to give adequate warnings that use of its acne drug may result in inflammatory bowel disease. In its motion for summary judgment, the drug manufacturer submitted the affidavit of its Group Director in the Department of Drug Regulatory Affairs. The director stated that prior to plaintiff's use of the drug, defendant manufacturer mailed a letter to every physician in the United States advising them that it had received reports of inflammatory bowel disease in association with the use of its product. Attached to his affidavit, was a copy of said letter, together with the revised package insert and a Physician's Desk Reference entry warning of said side effect which were mailed *290 together therewith. Defendant drug manufacturer also submitted an affidavit from a previously released defendant, plaintiff's own dermatologist, who stated that he was aware of the warnings and the risks associated with the use of the product. Because the affidavits submitted by the defendant in Mikell set forth only facts within the personal knowledge of the affiants, they were properly admitted.
With that in mind, we turn now to the situation presented by the case at bar. The tobacco defendants, in their quest to establish that the previously released asbestos defendants were solidarily liable with them for Mr. Miceli's lung cancer, have attached to their motion for summary judgment the deposition testimony of Dr. William Brooks Emory. Dr. Emory, a board certified pulmonologist at Ochsner Clinic, conducted an independent medical examination of Mr. Miceli in April, 1985 on behalf of the asbestos defendants in the federal litigation. The instant deposition testimony was taken by the tobacco defendants on October 11,1995.
In his deposition, Dr. Emory testified that during his evaluation of Mr. Miceli in 1985, he obtained a history from the patient, conducted pulmonary function tests in addition to a physical examination, and further reviewed radiological materials. Based upon the history obtained and his examination of Mr. Miceli in April, 1985, Dr. Emory concluded that Mr. Miceli suffered from asbestosis, a fibrotic condition of the lung which placed him at a higher risk for developing lung cancer.
We express grave doubts as to whether any physician, regardless of his training or expertise, would be able to state, with any degree of certainty, that he has personal knowledge of what caused a particular person to develop cancer, such that summary judgment would be permissible. Although a doctor's opinion or belief as to the cause of said cancer would be admissible and would constitute probative evidence at trial, consideration of this type of opinion evidence calls for a type of evaluation the trier of fact properly engages in only during or following a trial on the merits. See McCoy v. Physicians and Surgeons Hospital, Inc., 452 So.2d at 310.
In the instant case, Dr. Emory testified that he had no records regarding Mr. Miceli after 1985. As we noted previously, Mr. Miceli was not diagnosed as having lung cancer until June, 1987. It is clear that Dr. Emory had no personal knowledge as to the cause of Mr. Miceli's subsequent lung cancer. Consequently, his deposition testimony must be disregarded for purposes of summary judgment.
Therefore, defendants are not entitled to judgment as a matter of law, and the trial judge erred in granting the motion for summary judgment.

CONCLUSION
For the foregoing reasons, the judgment of the trial court, granting defendant's motion for summary judgment is hereby reversed, and this matter is remanded to the trial court for further proceedings. All costs associated with this appeal are assessed against defendants.
REVERSED AND REMANDED.
NOTES
[1] The survival action is entitled Joseph Miceli v. American Tobacco Company, et al., No. 317,974, Div. "F", filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. Because the survival action and the instant wrongful death action involve similar issues, the district court's judgment in the survival action is also before us in Appeal No. 96-CA-1135.
[2] Our earlier unpublished opinion was rendered in Mary Ruth Miceli v. Armstrong World Industries, et al., 621 So.2d 214 (La.App. 1st Cir. 1993).
[3] Because the previous appeals in the survival and wrongful death actions involved identical issues, our earlier decision in the instant wrongful death suit Mary Ford Miceli v. Armstrong World Industries, et al., 648 So.2d 518 (La.App. 1st Cir. 1994) simply referenced our opinion in the above-quoted survival action and was not designated for publication.
[4] La.Code Civ. P. art. 966 was legislatively amended by virtue of Acts 1996, 1st Ex.Sess., No. 9, § 1, which became effective on May 1, 1996. The motion for summary judgment in favor of the tobacco defendants was previously signed by the trial court on December 5, 1995. Inasmuch as the aforementioned changes are procedural in nature, the current language of the article will be applied retroactively to the facts of this case. See La. Civ.Code art. 6.
[5] In its recitation of the facts, the court noted that the building's architect, testified in his deposition that upon examining the cabinet after it fell, he saw no signs of any glue in the cabinet joints, and that in his opinion the lack of glue was the principal reason for the failure of the cabinet.