733 So.2d 743 (1999)
INDEPENDENT FIRE INSURANCE COMPANY, Elizabeth Cannon, wife of and Nary Cannon
v.
SUNBEAM CORPORATION, Sunbeam-Oster Company, Inc. and Sunbeam Oster Housewares, Inc. d*b*a Sunbeam Outdoor Products, and Ray Jenkins and/or Otha Jenkins d*b*a Jenkins Towing and Jenkins Shell Service Station.
No. 98 CA 0888.
Court of Appeal of Louisiana, First Circuit.
May 14, 1999.
Rehearing Denied June 29, 1999.
*744 Richard B. Eason, II, New Orleans, LA, for Defendants/Appellants, Sunbeam Corp., Sunbeam-Oster Co., and Sunbeam-Oster Housewares, Inc.
Bernard Rice, III, Gretna, LA, for Plaintiff/Appellant, Independent Fire Insurance.
Lawrence E. Abbott, New Orleans, LA, for Appellee, Jenkins.
Barry F. Viosca, Metairie, LA, for Plaintiffs, Cannons.
Before CARTER, C.J., SHORTESS, J. and de la HOUSSAYE, J. pro tempore.[1]
de la HOUSSAYE, Judge Pro Tem.
This case is an appeal from a judgment granting summary judgment against plaintiffs, Elizabeth Cannon and Nary Cannon, husband and wife, (the Cannons) and Independent Fire Insurance Company (Independent Fire), and against defendants, Sunbeam Corporation, Sunbeam-Oster Company, Inc. and Sunbeam-Oster Housewares, Inc. d/b/a/ Sunbeam Outdoor Products (collectively referred to as Sunbeam) in favor of Ray Jenkins and Otha Ray Jenkins, d/b/a Jenkins Towing and Jenkins Shell Service Station (Jenkins Shell), dismissing all claims against Jenkins Shell. We affirm.

BACKGROUND AND PROCEDURAL HISTORY
This is a suit for damages resulting from a fire in September 1992, which severely *745 damaged the home of plaintiffs, Mr. and Mrs. Cannon. The plaintiffs allege that the fire originated from the Cannons' propane barbeque grill, which was manufactured by the defendant, Sunbeam, and which Mr. Cannon was using the evening of the fire. The Cannons and their homeowners' insurer, Independent Fire, brought suit under the Louisiana Products Liability Act against Sunbeam, contending that the fire was caused by an unreasonably dangerous and/or defective condition of the barbeque grill or the safety valve on the Sunbeam propane tank.
The Sunbeam grill had an undercarriage rack which provided storage space underneath the grill where the in-use Sunbeam propane tank was located. Additionally, Mr. Cannon stored a spare tank manufactured by Char-Broil alongside the Sunbeam tank on the undercarriage rack. The fire allegedly originated from one of these propane tanks.
Sunbeam filed a third-party demand against Jenkins Shell, averring that it negligently overfilled the spare Char-Broil tank, that the tank (which was not in use) consequently vented, and that the vapors ignited. Plaintiffs then amended their petition to assert a negligence claim against Jenkins Shell for allegedly overfilling the spare Char-Broil tank.
Jenkins Shell filed a motion for summary judgment, contending that there was no evidence that Jenkins Shell overfilled the spare tank nor any evidence that plaintiffs property damage was proximately caused by an act of Jenkins Shell. Alternatively, Jenkins Shell contended that even if the spare tank were overfilled, the spare Char-Broil tank was not the cause in fact of the fire based on the eyewitness testimony of Mr. Cannon that the fire originated from the Sunbeam tank. Following a hearing, the trial court stated:
There is no fact that I can find anywhere that indicates that Mr. Jenkins over-filled [sic] that tank....
In fact, everything is to the contrary, that there was nothing shown that he over-filled [sic] the tank.
Thus, the trial court granted summary judgment in favor of Jenkins Shell, dismissing plaintiffs' and Sunbeam's claims against it with prejudice.
From this judgment, Sunbeam and Independent Fire have both appealed, asserting that the trial court erred in granting summary judgment where factual disputes exist as to whether Jenkins Shell overfilled the spare tank.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial, where there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir.6/20/97); 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97); 703 So.2d 29. It should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the over is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action and is now favored. LSA-C.C.P. art. 966(A)(2). The initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. LSA-C.C.P. arts. 966 and 967; Berzas v. OXY USA, Inc., 29,835, pp. 7-9 (La.App. 2nd Cir.9/24/97); 699 So.2d 1149, 1153-1154.
*746 Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751 at p. 7; 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Rambo v. Walker, 97-2371, p. 4 (La.App. 1st Cir.11/6/98); 722 So.2d 86, 88, writ denied 98-3030 (La.1/29/99); ___ So.2d ___, 1999 WL 51780.
In the instant case, the plaintiffs and the defendant, Sunbeam, have asserted a negligence claim against Jenkins Shell. Therefore, in order to determine whether liability exists under the facts of this case, the plaintiffs (and third party plaintiff) must present sufficient facts to prove at trial that the conduct in question was a cause in fact of the resulting harm, that the defendant (or third-party defendant) owed a duty of care to the plaintiff, that the requisite duty was breached by the defendant (or third-party defendant) and that the risk of harm was within the scope of protection afforded by the duty breached. State ex rel. Jackson v. Phelps, 95-2294, p. 3 (La.4/8/96); 672 So.2d 665, 666-667. Thus, it was necessary for Sunbeam and plaintiffs to prove that Jenkins Shell overfilled the Cannons' spare Char-Broil tank, the overfilling of the spare tank was the cause in fact of the fire and was a proximate cause of the damage sustained by the Cannons.
The initial burden of proving entitlement to summary judgment was with Jenkins Shell to point out the lack of factual support for Sunbeam's and plaintiffs' claims against it. Thus, to prevail in this case, Jenkins Shell must show a lack of factual proof for any one of the five essential elements of the negligence claim. In particular, Jenkins Shell denies the existence of any fact proving that it breached its duty of care to the Cannons by over-filling the Char-Broil spare tank. Alternatively, Jenkins Shell claims that there is no proof establishing that the Char-Broil spare tank was the cause in fact of the fire.

EXPERT OPINION ON SUMMARY JUDGMENT
Code of Civil Procedure article 967 requires that affidavits in support of a motion for summary judgment be based on personal knowledge. Statements of an expert as to his professional opinion or belief, based upon his special training and experience, do not meet the requirement of "personal knowledge," and for that reason do not qualify as a proper foundation in support of a motion for summary judgment. Jones v. Allstate Insurance Company, 619 So.2d 111, 114 (La.App. 1st Cir.), writ denied, 626 So.2d 1186 (La.1993).
While facts recorded by an expert through personal observation or examination may be admissible for purposes of summary judgment, the opinions or beliefs of the expert, though derived from personal observation or examination and based upon specialized training or experience, are not the type of "personal knowledge" contemplated by the codal article.[2]Miceli v. Armstrong World Industries, 96-1134, p. 10 (La.App. 1st Cir.3/27/97); 691 So.2d 283, 289, writs denied, 97-1110, 97-1090 (La.6/13/97); 695 So.2d 980, 985. Bearing these principles in mind, we will review the evidence submitted by the parties and determine which evidence we may consider on a motion for summary judgment in light of the limitations set forth in LSA-C.C.P. art. 967.
*747 The parties introduced excerpts of depositions and/or reports of expert witnesses in support of and in opposition to the motion for summary judgment. Jenkins Shell and Sunbeam both introduced deposition excerpts of the same three experts: Mr. Fred Liebkemann, Mr. Harold Myers and Mr. Randall Bruff. Additionally, Sunbeam and Independent Fire introduced the deposition testimony and report of another expert, Mr. William Baynes. All four experts opined as to the cause of the fire.
Jenkins Shell emphasized to the trial court that all three experts developed their opinions of the cause of the fire based on their personal observations of the grill in question and upon the eyewitness testimony of Mr. Cannon. Additionally, all parties on appeal contend that the testimony and reports of their experts are proper support for a summary judgment motion because the experts' opinions and theories were based upon personal observation and examination. However, we find that the three theories as to the cause of the fire developed by the four experts are opinions which may not be considered in this disputed motion for summary judgment.
As to the evidence that we may consider in this appeal from a summary judgment, Jenkins Shell introduced the deposition testimony of Mr. Cannon in which he stated that he filled the Char-Broil spare tank at Jenkins Shell, although he had neither a receipt nor any recollection as to when he had last had the spare tank filled at Jenkins Shell. Additionally, Mr. Cannon stated that he saw the flames coming from the Sunbeam tank for several minutes before the Char-Broil tank began spewing fire.
In his affidavit, Mr. Otha Ray Jenkins, III, stated that he did not remember filling Mr. Cannon's spare Char-Broil tank. Mr. Jenkins described the customary procedure for filling a propane tank the size of the Char-Broil tank in question and attested to the fact that his propane gas facility has state inspected equipment and that he has been properly trained to fill propane tanks. Finally, Jenkins Shell introduced the factual findings of Sunbeam's expert, Mr. William Baynes, who inspected the Jenkins Shell Service Station Propane Gas Facility and found no evidence that would discredit the propriety of the established propane gas filling procedures attested to by Mr. Jenkins.[3]
In order to avoid summary judgment in favor of Jenkins Shell, Sunbeam and the plaintiffs were required to show facts establishing that Jenkins Shell did in fact breach its duty of care in filling the spare tank. However, after considering only the facts attested to by the experts based on their personal observations, without relying upon or even considering the ultimate opinions or beliefs expressed in their affidavits, we find, in our de novo review, that the evidence submitted by Sunbeam and the plaintiffs was insufficient to prove all elements of its negligence claim against Jenkins Shell. See Pope v. Younger Bros., Inc., 96-1604, p. 4 (La.App. 1st Cir.5/9/97); 693 So.2d 1287, 1289.

CONCLUSION
Because we find, as did the trial court, an absence of any evidence showing that Jenkins Shell breached its duty of care in filling the Cannons' spare Char-Broil tank, we affirm the trial court's granting of the summary judgment in favor of Jenkins Shell. Costs of this appeal are assessed equally to first and second appellants.
AFFIRMED.
NOTES
[1] Judge Edward A. de la Houssaye, III, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The rule adopted by the First Circuit Court of Appeal regarding the use of expert affidavits in support of or in opposition to a motion for summary judgment is more narrowly construed than in other circuits. This court's opinion in Miceli v. Armstrong World Industries, 96-1134 (La.App. 1st Cir.3/27/97); 691 So.2d 283, writs denied, 97-1110, 97-1090 (La.6/13/97); 695 So.2d 980, 985, provides an in-depth analysis of the approaches taken by the different circuits.
[3] This expert deposition testimony is admissible because it is based upon the recorded observations made by the expert during his inspection of the Propane Gas Facility. From these recorded observations, the court can compare this expert's observations with those set forth in testimony of Mr. Otha Ray Jenkins and conclude that there are no inconsistencies.